UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10302-RGS

NICHOLAS RITROVATO

v.

JOHN ALOISE, *under an assumed identity of Michael Ritrovato*, et al.

ORDER

April 24, 2023

STEARNS, D.J.

*Pro se* litigant Nicholas A. Ritrovato ("Ritrovato") brings this action against "John Aloise under an assumed identity of Michael Ritrovato" and "Eastern Bank (Century Bank)," alleging that they wrongfully intercepted checks intended for him and fraudulently used them for their own benefit. For the reasons stated below, the court DISMISSES this action without prejudice for lack of subject matter jurisdiction.

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of*

*Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332").

Here, Ritrovato invokes the court's federal question jurisdiction. In his jurisdictional allegation, Ritrovato identifies 18 U.S.C. § 1344 as the federal law providing jurisdiction under § 1331 and alleges:

> John Aloise under an assumed name knowingly executed, or attempted to execute, a scheme or artifice to defraud a financial institution; and to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

Compl. at 3.

The bank fraud statute to which Ritrovato refers, 18 U.S.C. § 1344 provides for criminal penalties of up to a $1,000,000 fine, imprisonment of

up to 30 years, or both. It gives the United States the authority to prosecute persons who have committed bank fraud, as defined in the statute. It does not, however, provide a right of action by which a private litigant may file a lawsuit against a person who has allegedly committed bank fraud. In the absence of a claim arising under federal law, the court does not have subject matter jurisdiction over this action under § 1331.[1]

### ORDER

In accordance with the foregoing, this action is DISMISSED without prejudice for lack of subject matter jurisdiction. All pending motions shall be terminated as moot.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[1] Further, it does not appear that diversity subject matter jurisdiction under § 1332 exists. Ritrovato provides Massachusetts addresses for both defendants.